RECEIVED
CLERK U.S. DISTRICT COURT
DEC 27 2006
1:45 pm
DISTRICT OF HAWAII

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 19 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, MICHAEL H. BOULWARE, Intervenor - Appellant, v. SIDNEY BOULWARE; et al., Respondents. | No. 04-17491<br><br>D.C. No. CV-04-00523-DAE<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted October 16, 2006**
San Francisco, California

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RYMER and THOMAS, Circuit Judges, and LARSON***, District Judge.

Michael H. Boulware appeals the district court's order enforcing a summons issued by the Internal Revenue Service to HIE Holdings. We affirm.

Relying on *United States v. Jose*, 131 F.3d 1325, 1327 (9th Cir. 1997) (en banc), Boulware contends that the effect of the district court's order was conditionally to enforce the summons on the footing that some of the information sought was not relevant to the examination of Holdings. However, the "conditional enforcement" doctrine is irrelevant as the district court did not attach any condition to the summons.

Boulware also maintains that the summons should not have been enforced given that a Department of Justice referral was in effect as to him. 26 U.S.C. § 7609(d)(1) only applies when a referral is in effect with respect to a person to whom a summons is issued; as no referral was in effect as to Holdings, it is immaterial that one was in effect as to Boulware. Neither does the IRS's refusal to halt the Holdings investigation pending resolution of the criminal case against Boulware manifest bad faith. As the IRS explained, all information sought by the

---

\*\*\*   The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

2

summons was relevant to an investigation of the company, not to Boulware's criminal case.

Boulware identified no confidential or privileged information that might be disclosed, so he failed to carry his burden of establishing that the attorney-client privilege applies. *United States v. Blackman*, 72 F.3d 1418, 1423-24 (9th Cir. 1995) (noting that as a general rule, client identity and the nature of the fee arrangement are not protected from disclosure). All that Boulware showed was that engagement letters "may" contain confidential information, which is insufficient.

Boulware urges that the information requested was relevant to third-party taxpayers such that the IRS was required to comply with the "John Doe summons" requirements of 26 U.S.C. § 7609(f). However, even if a summons is aimed at named and unnamed parties, § 7609(f) is inapplicable so long as the information requested is relevant to the investigation of the named party. *See id.*, at 1422-23 (*citing Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 317-18 (1985)). Boulware made no showing that the requested information was solely for the purpose of investigating unnamed third parties and had no relevance to the investigation of Holdings. *Id.* at 1423.

Finally, Boulware argues that the IRS improperly communicated with the prosecutor in his criminal case, but the contact was for the sole purpose of verifying that there would *not* be any overlap between the civil examination of Holdings and the criminal investigation of Boulware.

As Boulware adduced no evidence requiring a hearing on the IRS's motives, the district court did not abuse its discretion in declining to order one.

AFFIRMED.